## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TREONDOUS ROBINSON, # B-41303,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-489-MJR** |
| | ) | |
| **MS. OPOLKA, GAIL WALLS,** | ) | |
| **LORI OAKLEY, RICK HARRINGTON,** | ) | |
| **SHERRY BENTON, JACKIE MILLER,** | ) | |
| **SALVADOR GODINEZ,** | ) | |
| **DAVID A. REDNOUR,** | ) | |
| **and UNKNOWN PARTY DOCTOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 30-year sentence for murder and six years for two other felonies. He raises several claims herein, including deliberate indifference to his serious medical conditions, retaliation for his complaints against Menard officers, delay of his legal mail, denial of his request for protective custody, and failure to properly address his grievances.

More specifically, Plaintiff claims that he suffers from severe allergies and sinus problems, which cause migraine headaches, toothaches, constant nasal congestion, and the loss of his sense of smell for the past two years (Doc. 1, pp. 8-9). He has sought medical help and been prescribed medication, but this treatment has been ineffective. He also contracted a painful toe fungus, for which the Menard doctor prescribed some medication. Plaintiff used this medication for nine months, but it failed to cure the fungus. He was told by medical staff that

nothing more could be done for him (Doc. 1, pp. 9-10, 27-29, 35).  Defendant Walls (Director of Nursing) reviewed Plaintiff's medical records for the response to his grievance (Doc. 1, pp. 29, 35).

Plaintiff further complains that a false disciplinary charge was filed against him on December 14, 2010, in retaliation for grievances he had filed earlier against correctional officers.  He gives no detail as to the content or targets of these grievances.  Plaintiff was found guilty and punished with three months in segregation (Doc. 1, pp. 10, 17-18, 24-25).  He asks the Court to expunge this ticket (Doc 1, p. 16).

He also alleges that his legal mail was intentionally delayed, which caused him to miss a deadline imposed by the Seventh Circuit in a civil appeal.[1]  That appeal was dismissed as a result (Doc. 1, pp. 10, 30-31).  Plaintiff filed a grievance over this matter which was reviewed by Defendant Benton, with no results.

Finally, Plaintiff requested protective custody on several occasions between January and May 2011, but was denied.  He initially asked for protection because of his fear that the Menard officers who were the subjects of his complaints and who wrote the false disciplinary ticket would harm him or unfairly target him for further punishment (Doc. 1, pp. 11, 17-20, 22-23, 26).  Then in June 2011, he filed another grievance and went on a hunger strike, claiming he received threats from other inmates after he was put back into general population (Doc. 1, pp. 33-34).  He complains that Defendants Miller and Godinez wrongly denied his requests for protection (Doc. 1, p. 11).

In summary, Plaintiff charges that each Defendant was "culpably negligent" in

---

[1]  Plaintiff omitted any reference to this or any other prior lawsuit on Page 6 of his complaint (Doc. 1). Plaintiff shall note that if he fails to include his complete litigation history in any future complaint or amended complaint, his case shall be subject to dismissal.  *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

failing to ensure that his complaints and grievances were resolved or addressing his needs (Doc. 1, pp. 12-15).  He seeks money damages, injunctive relief to obtain adequate medical treatment, and transfer to another prison.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

## Count 1 – Deliberate Indifference to Medical Needs

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for deliberate indifference to his medical needs. While Plaintiff received some treatment for his debilitating and painful chronic allergy condition and toe fungus, the treatments have proved ineffective over a significant period of time.  An Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)).  On the other hand, the course of treatment prescribed by Plaintiff's doctor may amount to mere negligence or malpractice, which does not violate the Constitution.  *Estelle*, 429 U.S. at 106; *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).  Additional factual development is necessary in order to determine whether a constitutional violation has occurred.  Therefore, Count 1 shall

receive further review.

In order to fully address this claim, however, it shall be necessary for Plaintiff to amend his complaint to identify his treating physician by name. Although the grievances incorporated into the pleading complain about the ineffective treatment ordered by a Menard doctor, Plaintiff never names him or her. At this time, the Court shall order the Clerk to add "Unknown Party Doctor" as a Defendant. Plaintiff shall be directed below to submit an amended complaint, to identify the doctor so s/he can be served with process. If Plaintiff fails to identify the treating doctor, this action shall be subject to dismissal.

Because Plaintiff is seeking injunctive relief to obtain medical care, Defendant Harrington (Warden/Chief Administrative Officer) shall remain in the action for the purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Based on the allegations in the complaint and incorporated exhibits, Plaintiff has failed to state a claim against Defendant Walls. He never alleges that she treated him or was responsible for any decisions regarding his medical care, stating only that she did not "insur[e] that the plaintiff's ailments are properly attended to" (Doc. 1, p. 12). According to the exhibits, her involvement was limited to a review of Plaintiff's medical records in order to respond to his grievance (See Doc. 1, pp. 27, 35). It thus appears that she played only a supervisory role, which does not lead to liability in a civil rights case. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions) (citations omitted). Because the complaint does not indicate that Defendant Walls was "personally

responsible for the deprivation of a constitutional right," *id.*, she shall be dismissed from the action without prejudice.

**Count 2 – Retaliation/False Disciplinary Charge**

According to Plaintiff's exhibits, Officer Jeffrey Mott filed false disciplinary charges against Plaintiff on December 14, 2010 (Doc. 1, p. 25). The complaint alleges that these charges were brought in retaliation for Plaintiff having filed prior grievances against Menard officers. Plaintiff does not give further information about his earlier grievances, nor indicate the names of the officers involved. Neither Officer Mott nor any other correctional officers are named as Defendants herein.

The chronology described by Plaintiff states the bare essentials of a retaliation claim, but as in Count 1, he has not included the officers who were personally responsible for the alleged retaliatory acts among the named Defendants. Where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). This claim cannot go forward unless Plaintiff amends his complaint to flesh out the facts and identify the proper Defendants. Furthermore, this retaliation claim is wholly unrelated to the deliberate indifference claim in Count 1, and must therefore be severed into a separate action.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Consistent with the *George* decision and Federal

Rule of Civil Procedure 21, the Court shall sever Count 2 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim.  However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on the retaliation claim or incur the additional filing fee.   If Plaintiff chooses to proceed on the retaliation claim against Officer Mott, he shall be required to submit an amended complaint in that action, in order to fully set forth the factual basis for the claim.

**Count 3 – Intentional Delay of Legal Mail/Denial of Access to Courts**

Plaintiff's allegation that the intentional delay of his legal mail resulted in the dismissal of his civil appeal suggests a cognizable claim for denial of access to the courts.  This occurred in July 2011 (Doc. 1, pp. 30-31).  To prevail, Plaintiff must ultimately demonstrate that a non-frivolous legal claim was frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  At the pleadings stage, he has alleged an actual detriment to a specific case, which is a required element of a claim for denial of access to the courts.  *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). Once again, however, Plaintiff has failed to identify the party or parties directly responsible for the alleged intentional delay in processing his outgoing mail.  And as explained under Count 2, this claim is factually unrelated to the claims in either Count 1 or Count 2, and it appears unlikely that there will be any common Defendants for any of these claims.

As with Count 2 above, the Court shall sever Count 3 into a separate claim, against an Unknown Party Defendant.  Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on the access to courts claim or incur the additional filing fee.  If Plaintiff chooses to proceed on the access to courts claim, he shall be required to submit an amended complaint in that action, in order to fully set forth the factual

basis for the claim and name the Defendant(s) who personally caused the delay.

## Count 4 – Denial of Protective Custody

Plaintiff's initial request to be placed in protective custody ("PC") arose out of his fear that he could be subject to further detrimental actions by staff such as the false disciplinary charges brought in December 2010. Plaintiff's grievance over the denial of PC was considered in a hearing held in May 2011 (Doc. 1, p. 26), but was rejected by Defendant Miller. Plaintiff has not pointed to any further incidents with correctional officers since the denial of this PC request over two years ago. Placement of inmates is an issue left up to the discretion of prison officials. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). Based on the complaint, the Court cannot discern any violation of Plaintiff's constitutional rights arising from the denial of his PC request in May 2011.

Plaintiff again requested PC in June 2011, based this time on alleged threats from fellow inmates associated with a rival gang, and from an inmate who was convicted after Plaintiff's relative testified against him at trial (Doc. 1, p. 34). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). The *Farmer* Court also indicated that injunctive relief would be an appropriate remedy for a prisoner who received a credible threat of attack by another inmate. *Farmer*, 511 U.S. at 850-51. In the instant case, Plaintiff has not alleged that any threat of attack by other inmates was ever carried out, nor that he has been the target of any more recent threats over the past two years. Thus, the complaint provides no basis for a claim that prison officials have failed to protect Plaintiff from assault, nor does it come close to indicating that injunctive relief should be considered. Accordingly, Count 4 shall be

dismissed without prejudice.

**Count 5 – Mishandling of Grievances**

None of the Defendants named herein by Plaintiff were directly responsible for any of the alleged constitutional violations. Plaintiff alleges that Defendants Opolka, Walls, Oakley, Harrington, Rednour, Benton, Miller, and Godinez failed to satisfactorily resolve his complaints and grievances. Thus, his pleading shows that their role was to consider and respond to the grievances filed by Plaintiff over the misconduct of other staff.

In order to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). A defendant's role in responding to prisoner grievances does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance. Furthermore, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Therefore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Therefore, Plaintiff fails to state a constitutional claim on which relief may be granted against these Defendants, based on their denial of his grievances or failure to adequately respond to them.

Further, as noted above, Defendants Harrington and Rednour (the current and former Menard Wardens), and Defendant Godinez cannot be held liable for the alleged constitutional violations committed by others under their command. There is no supervisory liability in a civil rights action. *Sanville*, 266 F.3d at 740.

And finally, Plaintiff's claim that these Defendants were "culpably negligent" in performing their duties is unavailing.  A defendant can never be held liable under § 1983 for negligence, culpable or otherwise.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

For these reasons, Count 5 shall be dismissed with prejudice.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 3) shall be **GRANTED IN PART AND DENIED IN PART.**  Defendant Harrington shall be served, but service shall not be ordered on the dismissed Defendants.

**Amendment of Complaint**

Plaintiff is **ORDERED** to file his First Amended Complaint in this action, which shall be limited **ONLY** to the claims in **Count 1** for deliberate indifference to medical needs for his allergy and toe fungus conditions.  The amended complaint shall state the facts in support of Count 1, and shall identify the treating doctor (or doctors) by name as Defendant(s).  The amended complaint shall also include Defendant Harrington as a party.  Plaintiff shall submit his First Amended Complaint within 35 days of the entry of this order (on or before July 22, 2013). In addition, the complaint **SHALL CONTAIN** a complete recitation of Plaintiff's litigation history.  If the First Amended Complaint does not conform to these requirements or includes any claims other than those described above in **Count 1**, it shall be stricken and the entire action may be dismissed.  Plaintiff is strongly encouraged to use the Court's standard civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638

n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any prior pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall be grounds for dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**Disposition**

The Clerk is **DIRECTED** to add "Unknown Party Doctor" as a Defendant in this action.  The Clerk is further **DIRECTED** to mail Plaintiff a blank civil rights complaint form, to assist him in preparing his amended complaint.

**COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.    Defendants **OPOLKA, WALLS, OAKLEY, BENTON, MILLER, GODINEZ,** and **REDNOUR** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims in **COUNTS 2 and 3** which are unrelated to the deliberate indifference claim in Count 1, are each **SEVERED** into two separate new cases.  Those new cases shall be:

1) Claim against **JEFFREY MOTT** for retaliation/false disciplinary charge (Count 2 herein);

2) Claim against **UNKNOWN PARTY DEFENDANT** for intentional delay of legal mail/denial of access to courts (Count 3 herein);

The new cases **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.  In each of the new cases, the Clerk is **DIRECTED** to file the following documents:

     (1)      This Memorandum and Order;

     (2)      The Original Complaint (Doc. 1) and exhibits;

     (3)      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with either or both of the newly-opened cases, he must notify the Court in writing within 35 days (on or before July 22, 2013), specifying which case(s) he wishes to voluntarily dismiss. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened actions, he **will be responsible for an additional filing fee** of $350 in each new case.[2] No fee will be charged in any case voluntarily dismissed by Plaintiff. Service shall not be ordered on any Defendants in the severed cases until after the deadline for Plaintiff's response. In addition, Plaintiff shall be required to submit an amended complaint in any severed case which is not voluntarily dismissed.

**IT IS FURTHER ORDERED** that the _only claim remaining in this action is COUNT 1 against Defendants Harrington and the Unknown Party Doctor_, for deliberate indifference to Plaintiff's medical conditions. This case shall now be captioned as: **TREONDOUS ROBINSON, Plaintiff, vs. RICK HARRINGTON, *et al.*, Defendants.**

As to Count 1, which remains in in the instant case, the Clerk of Court shall prepare for Defendant **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms

---

[2]   As of May 1, 2013, an additional $50.00 administrative fee is due for the filing of any civil case, for a total filing fee of $400.00.  However, this new fee does not apply to persons granted leave to proceed *in forma pauperis* ("IFP").  Based on the information in Doc. 2 herein, the Court anticipates that Plaintiff is likely to qualify for IFP status in the newly severed cases.

were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party Doctor until such time as Plaintiff has identified him/her by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2013**

s/ MICHAEL J. REAGAN
United States District Judge